# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, § § § | |
| *Plaintiff,* § | |
| v. § § | Civil Action No. 4:23-cv-1068 |
| ERICSSON INC., ERICSSON AB, TELEFONAKTIEBOLAGET LM ERICSSON, BÖRJE ECKHOLM, and RAFIAH IBRAHIM, § § § § § § | Judge Mazzant |
| *Defendants.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendants' Motion to Dismiss, or in the Alternative to Stay, Plaintiff's Declaratory Judgment Claim on its Duty to Indemnify and Brief in Support (Dkt. #8), Travelers Property Casualty Company of America's Motion to Dismiss Ericsson's Chapter 541 Counterclaims (Dkt. #19), the Ericsson Entities' Motion to Dismiss ACE American Insurance Company's Counterclaims for Declaratory Judgment and Brief in Support (Dkt. #33), the Ericsson Entities' Motion and Brief in Support of Summary Judgment on Threshold Issues (Dkt. #48), Travelers Property Casualty Company of America's and Ace American Insurance Company's Joint Motion for Summary Judgment (Dkt. #50). Having considered the Motions and the relevant pleadings, the Court rules on Motions as follows:

1. Defendants' Motion to Dismiss, or in the Alternative to Stay, Plaintiff's Declaratory Judgment Claim on its Duty to Indemnify and Brief in Support (Dkt. #8) should be **GRANTED in part** and **DENIED in part**.
2. Travelers Property Casualty Company of America's Motion to Dismiss Ericsson's Chapter 541 Counterclaims (Dkt. #19) should be **GRANTED**.

3. Ericsson Entities' Motion to Dismiss ACE American Insurance Company's Counterclaims for Declaratory Judgment and Brief in Support (Dkt. #33) should be **GRANTED in part** and **DENIED in part**.

4. The Ericsson Entities' Motion and Brief in Support of Summary Judgment on Threshold Issues (Dkt. #48) **GRANTED in part** and **DENIED in part**.

5. Travelers Property Casualty Company of America's and Ace American Insurance Company's Joint Motion for Summary Judgment (Dkt. #50) **GRANTED in part** and **DENIED in part**.

## BACKGROUND

This is an insurance coverage dispute. This case stems from two underlying lawsuits ("Underlying Suits") in the United States District Court for the District of Columbia (Dkt. #39 at p. 5 nn.1–2).[1] The Underlying Suits allege that Defendants Ericsson Inc., Ericsson AB, Telefonaktiebolaget LM Ericsson, Börje Ekholm,[2] and Rafiah Ibrahim (collectively, the "Defendants") violated the Federal Anti-Terrorism Act by aiding and abetting foreign terrorist organizations ("FTO") in various attacks across "Iraq, Afghanistan, Syria, Turkey, and/or Niger" that resulted in the death of American servicemembers and civilians (Dkt. #39 at p. 1). Specifically, the Underlying Suits claim that Defendants paid protection money to the FTOs so the FTOs would not attack Defendants' projects and attack other targets, such as the American servicemembers and their families (Dkt. #39 at pp. 5–6).

---

[1] The Court recounts these facts from Plaintiff's First Amended Complaint for Declaratory Judgment (Dkt. #39). Further, the Court construes Defendants' Motions to Dismiss (Dkt. #8; Dkt. #33) as Defendants seeking to dismiss Plaintiff's First Amended Complaint for Declaratory Judgment (Dkt. #39) because it is now the operative pleading. *Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 635 (S.D. Tex. 2001) ("To the extent that the defects raised in the Motion to Dismiss remain in the Amended Complaint, a court should simply apply the Motion to that pleading."). In the same vein, the Court construes Plaintiff's Motion to Dismiss (Dkt. #19) against Defendants Amended Counterclaims (Dkt. #42).

[2] Plaintiff's Original Complaint for Declaratory Judgment spelled one the Defendants name as "Börje Eckholm" in the case style (Dkt. #1). Defendant spells its name as "Börje Ekholm" throughout its pleadings (*See, e.g.*, Dkt. #9; Dkt. #48). The Court maintains the "Eckholm" spelling for the case style, but will refer to Defendant throughout this Order as "Ekholm."

In the suit before this Court, Plaintiff Travelers Property Casualty Company of America ("Plaintiff") claims that the insurance policies they issued to Defendants do not provide coverage for the Underlying Suits (*See* Dkt. #39 at pp. 7–11). Plaintiff argues that the policies do not apply for three reasons: (1) the injuries alleged in the underlying lawsuits are not occurrences because they are not accidents; (2) the alleged injuries were expected and intended, which the policies except from coverage; (3) the war exception excludes bodily injuries arising from war or warlike actions; and (4) "LM Ericsson, Ericsson AB, Ekholm, and Ibrahim are not Named Insureds" under the policies (*See* Dkt. #39 at ¶¶ 15–17, 32). So the argument goes, the Court should find that Plaintiffs have no duty to defend and no duty to indemnify Defendants in the Underlying Suits. Defendants, of course, disagree. They contend that the conduct is covered, none of the exceptions apply, that all Defendants are parties to the policies, and the Court should award Defendants damages because Plaintiff breached its contractual obligation by denying coverage (Dkt. #42 at ¶ 5).

Plaintiff filed suit in this Court on December 5, 2023 (Dkt. #1). On April 24, 2024, Defendants filed their Motion to Dismiss, or in the Alternative to Stay, Plaintiff's Declaratory Judgment Claim on its Duty to Indemnify and Brief in Support (Dkt. #8). On the same day, Defendants filed their Original Answer and Counterclaims, which named Plaintiff and Ace American Insurance Company ("ACE") as counter-defendants (Dkt. #9). Plaintiff filed a Response to Defendants' Motion to Dismiss on May 8, 2024 (Dkt. #15). Then, on May 15, 2024, Defendants filed a Reply (Dkt. #18). On May 22, 2024, Plaintiff filed its Sur-Reply (Dkt. #21).

On May 20, 2024, Plaintiff filed its Motion to Dismiss Ericsson's Chapter 541 Counterclaims (Dkt. #19). On June 13, 2024, Defendants filed their Response to Plaintiff's Motion to Dismiss (Dkt. #25).[3] Then, on June 20, 2024, Plaintiff filed its Reply (Dkt. #27).

On July 10, 2024, Defendants filed their Motion to Dismiss Ace American Insurance Company's Counterclaims for Declaratory Judgment and Brief in Support (Dkt. #33). On August 2, 2024, ACE filed its Response (Dkt. #41).[4] Then, Defendants filed their Reply on August 15, 2024 (Dkt. #43).

On August 30, 2024, Defendants filed their Motion for Summary Judgment (Dkt. #48). Plaintiff and ACE (the "Insurers") filed their Joint Response on October 1, 2024 (Dkt. #51). Defendants filed their Reply on October 22, 2024 (Dkt. #54).

Also on August 30, 2024, the Insurers filed their Joint Motion for Summary Judgment (Dkt. #50). Defendants filed their Response on October 1, 2024 (Dkt. #52). Then, on October 22, 2024, the Insurers filed their Reply (Dkt. #53). All motions are ripe for adjudication.

## LEGAL STANDARD

**I.   Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court does not have statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court

---

[3] On June 19, 2024, ACE filed its Answer to Defendants' Counterclaims, denying it owed coverage to Defendants (Dkt. #26 at p. 1). Further, ACE requested declaratory relief (Dkt. #26 at p. 1).

[4] As the Court noted above, Plaintiff filed its First Amended Complaint on August 2, 2024 (Dkt. #39). The Court construes this as the operative pleading. Also, on August 2, 2024, Defendants filed their Amended Counterclaim against the Insurers, which the Court construes as the operative pleading (Dkt. #42).

will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief. *Lane*, 529 F.3d at 557.

## II.     Rule 12(b)(6)

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City*

5

*of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

6

### III. Summary Judgment

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion [for summary judgment]." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A

7

nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. *See Solomon v. Hous. Corrugated Box Co.*, 526 F.2d 389, 396–97 (5th Cir. 1976). Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

### I. Defendants' Motion to Dismiss (Dkt. #8)

Defendants urge the Court to dismiss Plaintiff's claim regarding the duty to indemnify because it is not ripe (Dkt. #8 at pp. 1–2). Alternatively, Defendants argue that the Court should stay its decision on the duty to indemnify until the Underlying Suits are resolved (Dkt. #8 at p. 1). Plaintiffs, however, argue the duty to indemnify is ripe and the Court should find that Plaintiff has no duty to indemnify defendants because, here, "the same reasons that negate the duty to defend likewise negate any possibility" that Plaintiff "will ever have a duty to indemnify" (Dkt. #15 at p. 5 (quoting *Farmers Tex. Cty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997))). As explained below, the Court agrees with Defendants.

Currently, the duty to indemnify is not ripe. Under Texas law, the duty to defend and the duty to indemnify are distinct. *See D.R. Horton-Texas, Ltd. v. Markel Intern. Ins. Co., Ltd.*, 300 S.W.3d 740, 743–44 (Tex. 2009). Under the "eight-corners" rule, courts determine whether a duty to defend exists solely by comparing the allegations in the underlying pleadings with insurance

policy's terms. *Am.'s Recommended Mailers Inc. v. Md. Cas. Co.*, 339 F. App'x 467, 469 (5th Cir. 2009) (citing *Gore Design Completions, Ltd. v. Hartford Fire Ins. Co.*, 538 F.3d 365, 369 (5th Cir. 2008)). By contrast, courts generally cannot determine the duty to indemnify until the underlying litigation concludes because it turns on the actual facts established in that proceeding. *See Liberty Mut. Fire Ins. Co. v. Copart of Connecticut, Inc.*, 75 F.4th 522, 535 (5th Cir. 2023).

Texas courts recognize a narrow exception allowing an early determination of the duty to indemnify only when the facts alleged in the underlying petition could, under no circumstances, lead to a result that would require the insurer to indemnify. *See Griffin*, 955 S.W.2d at 84. Unless the same reasons that negate the duty to defend also conclusively negate the possibility of indemnification, courts should refrain from ruling on the duty to indemnify until the liability suit concludes. *Copart*, 75 F.4th at 536 (citation omitted) (characterizing "summary judgment for [the insurer as] . . . both premature and incorrect" because the duty to indemnify might still depend on later-developed facts); *Liberty Mut.*, 75 F.4th at 536. That is not the case here.

Here, the Court concludes that additional factual development in the Underlying Suits could affect whether Plaintiff owes Defendants a duty to indemnify. For example, if the Underlying Suits determine that Defendants never made the alleged payments or that Defendants are not liable for another reason, Plaintiff could owe Defendants a duty to indemnify. *See English v. BGP Intern., Inc.*, 174 S.W.3d 366, 370 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (noting that the duty to indemnify is generally understood to include attorney's fees). Because the underlying lawsuit remains pending and could produce findings material to indemnification, the Court concludes that it is premature to adjudicate the duty to indemnify at this stage. *See Copart*, 75 F.4th at 536. Accordingly, the question of whether Plaintiff owes a duty to indemnify Defendants is not yet ripe.

*See Copart*, 75 F.4th 522. Thus, the Court dismisses Plaintiff's claims regarding the duty to indemnify without prejudice pursuant to Rule 12(b)(1). *See Total Gas & Power N. Am., Inc. v. Fed. Energy Regul. Comm'n*, 859 F.3d 325, 332–33 (5th Cir. 2017) (noting that ripeness is properly dismissed under Rule 12(b)(1)). The Court denies Defendants' Motion to the extent it seeks dismissal of Plaintiff's claims pursuant to Rule 12(b)(6).

## II. The Parties' Summary Judgment Motions (Dkt. #48; Dkt. #50)

Both parties moved for summary judgment; however, the Court has dismissed some claims already. As an initial matter, the Court has held that the duty to indemnify is not yet ripe, so any arguments in the parties' Motions for Summary Judgment regarding that issue are denied. The remaining questions of law for the Court's analysis are as follows:

1. Whether the Underlying Suits allege an "occurrence" within the meaning of the insurance policies, thus triggering Plaintiff and ACE's duty to defend;
2. Whether the Underlying Suits allege injuries that were "Expected or Intended," thus rendering the injuries exempted from the insurance policies;
3. Whether the Underlying Suits allege injuries arising from "War," thus rendering the injuries exempted from the insurance policies; and
4. Depending on the Court's determination of the duty to defend, whether Defendants' counterclaims fail as a matter of law.

### A. The Policy Language

The relevant insurance policy provisions, as stipulated by the parties,[5] are produced below:

**Section I – Coverages**

**Coverage A – Bodily Injury and Property Damage Liability**

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage"

---

[5] In all proceedings, the Court places great weight on the parties' cooperation with each other. Here, the Court appreciates the ability to stipulate to the language in the policies. Such cooperation embodies the civility all counsel should strive for when practicing in the Eastern District of Texas and it enables the Court to more efficiently and effectively administer justice.

> to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply . . . .
>
>        *  *  *
>
> b. This insurance applies to "bodily injury" and "property damage" only if:
>
> > (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
> >
> > (2) The "bodily injury" or "property damage" occurs during the policy period[.]
>
>        *  *  *
>
> **Section V – Definitions**
>
> > "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

(Dkt. #50-2 at pp. 3–4).

The Insurers contend that the Underlying Suits do not allege an "occurrence" withing the meaning of the policy for three reasons: (1) the Underlying Suits allege intentional torts, not an occurrence; (2) the Underlying Suits allege intentional and knowing conduct, not an occurrence; (3) sporadic use of the word "reckless" in the Underlying Suits does not trigger the Insurers' duty to defend (Dkt. #50 at pp. 16–27). Defendants counter that the Underlying Suits allege instances of reckless conduct, so the argument goes, this is an occurrence under Texas law that triggers the duty to defend (Dkt. #52 at pp. 15–28). Defendants' argument rings hollow.

  **B.  Do the Underlying Suits allege an occurrence?**

The Underlying Suits do not allege an occurrence within the meaning of the insurance policies. To determine whether Plaintiff owes a duty to defend, courts apply Texas's eight-corners

11

approach, which compares the underlying petition's allegations with the insurance policy's language, all while disregarding extrinsic evidence. *Zurich Am. Ins. Co. v. Nokia*, 268 S.W.3d 487, 491 (Tex. 2008). "Two documents are determinative: the insurance policy and the third-party plaintiff's pleadings in the underlying litigation, which the court must view without regard to the truth or falsity of those allegations." *Discover Prop. & Cas. Ins. Co. v. Blue Bell Creameries USA, Inc.*, 73 F.4th 322, 327 (5th Cir. 2023) (citation modified). The facts as alleged in the underlying petition trigger the duty to defend if, when taken as true, they potentially state a claim covered by the policy. *Heyden Newport Chem. Corp. v. S. Gen. Ins. Co.*, 387 S.W.2d 22, 26 (Tex. 1965). Any doubt is generally resolved in favor of the insured. *See King v. Dallas Fire Ins. Co.*, 85 S.W.3d 185, 187 (Tex. 2002). If coverage is found for any part of a suit, the insurer must defend the entire suit. *See Liberty Mut. Fire Ins. Co.*, 75 F.4th at 529.

In this case, Defendants allegedly made knowing and intentional payments to FTOs so Defendants would be left alone (*See* Dkt. #50 at p. 20). The Insurers claim that the FTOs then used these funds to attack and kill American servicemembers and civilians (Dkt. #50 at pp. 9–10). Assuming, as the Court must, that these payments were intentional and resulted in injuries, the Court concludes that the injuries to the servicemembers and civilians were *not* accidents. Because the injuries are not accidents, they are not an occurrence that triggers the duty to defend. "Under Texas law, a person's act is not an accident when [1] he commits an intentional act that [2] results in injuries that ordinarily follow from or could be reasonably anticipated from the intentional act." *Blue Bell Creameries USA, Inc.*, 73 F.4th at 329 (citation modified). Further, the "the intentional acts requirement is concerned with the voluntariness of an action or omission, not the actor's intended outcome." *Id.* (citation modified). Here, the Underlying Suits allege that Defendants

intentionally made payments to FTOs (*See e.g.*, Dkt. #50-5 at p. 38; Dkt. #50-5 at p. 82; Dkt. #50-6 at pp. 52–53; Dkt. #50-6 at p. 68). *Blue Bell Creameries USA, Inc.*, 73 F.4th at 329. Defendants counter that the Underlying Suits allege reckless conduct, thus triggering the duty to defend because reckless conduct is not intentional (*See* Dkt. #52 at pp. 15–16). This argument is unpersuasive because the Court "must focus on the factual allegations rather than the legal theories asserted in reviewing the underlying petition." *Griffin*, 955 S.W.2d at 82. The factual allegations in the Underlying Suits are that Defendants intentionally "made protection payments from at least 2004 until at least 2019" to the FTOs (Dkt. #48-5 at p. 40). While the Underlying Suits sparsely mention reckless conduct, these mentions go to the "legal theories" involving Defendants *mens rea* when intentionally making payments (*See, e.g.*, Dkt. #48-5 at p. 81; Dkt. #48-6 at p. 51; Dkt. #48-6 at p. 62). *Griffin*, 955 S.W.2d at 82. None of the allegations suggest that the payments were ever made involuntarily (*See* Dkt. #48-5; Dkt. #48-6). *Blue Bell Creameries USA, Inc.*, 73 F.4th at 330 ("[T]he intentional act requirement is easily met because there were no allegations that the directors or officers were acting involuntarily."). The Underlying Suit also allege conduct that resulted in injuries that "ordinarily follow from or could reasonably be anticipated from" intentionally paying FTOs money—they used this fiscal resource to injure and kill individuals. *Blue Bell Creameries USA, Inc.*, 73 F.4th at 329 (citation modified). Accordingly, the Court concludes that the Underlying Suits allege the injuries are not accidents and are not occurrences that trigger the duty to defend. This determination is dispositive, so the Court need not address Issues 2 and 3 as presented in the Motions. The Court grants summary judgment to the Insurers on the duty to defend and declares that the Insurers do not have a duty to defend the Defendants as they proceed in the Underlying Suits.

C.   **Plaintiff's Motion to Dismiss Ericsson's Chapter 541 Counterlcaims (Dkt. #19)**

Because the Court declared that the Insurers have no duty to defend, Defendants' counterclaims fail as a matter of law. *See Hartford Cas. Ins. Co. v. DP Eng'g, L.L.C.*, 827 F.3d 423, 431–32 (5th Cir. 2016). Accordingly, the Court grants Plaintiff's Motion to Dismiss (Dkt. #19). Defendants' counterclaims are dismissed with prejudice.

III.  **Defendants' Motion to Dismiss ACE's Counterclaims (Dkt. #33)**

For the reasons discussed in Section I, the Court finds that ACE's claims regarding its duty to indemnify are not ripe at this time. Thus, the Court grants Defendants' Motion and dismisses ACE's claims regarding the duty to indemnify without prejudice pursuant to Rule 12(b)(1).

Defendants also urge the Court to dismiss ACE's counterclaims on the duty to defend because they are duplicative of and subsumed by Defendants' counterclaims and ACE's affirmative defenses (Dkt. #33 at p. 16). So, the argument goes, the Court should dismiss ACE's claims pursuant to Rule 12(b)(6). The Court declared that the Insurers have no duty to defend and the duty to indemnify is not yet ripe. Therefore, Defendants' Motion as to ACE's duty to defend must be denied.

## CONCLUSION

It is therefore **ORDERED** as follows:

1. Defendants' Motion to Dismiss, or in the Alternative to Stay, Plaintiff's Declaratory Judgment Claim on its Duty to Indemnify and Brief in Support (Dkt. #8) should be **GRANTED in part** and **DENIED in part**.
2. Travelers Property Casualty Company of America's Motion to Dismiss Ericsson's Chapter 541 Counterclaims (Dkt. #19) should be **GRANTED**.
3. Ericsson Entities' Motion to Dismiss ACE American Insurance Company's Counterclaims for Declaratory Judgment and Brief in Support (Dkt. #33) should be **GRANTED in part** and **DENIED in part**.

4. The Ericsson Entities' Motion and Brief in Support of Summary Judgment on Threshold Issues (Dkt. #48) **GRANTED in part** and **DENIED in part**.

5. Travelers Property Casualty Company of America's and Ace American Insurance Company's Joint Motion for Summary Judgment (Dkt. #50) **GRANTED in part** and **DENIED in part**.

It is further **ORDERED** that Defendants' counterclaims are hereby **DISMISSED with prejudice**. And the Insurers' claims regarding the duty to indemnify are hereby **DISMISSED without prejudice** pursuant to Rule 12(b)(1).

It is further **ORDERED** that this case is hereby **STAYED** pending the resolution of the Underlying Suits. The parties **MUST** file a status report within 14 days of the resolution of either of the Underlying Suits.

**IT IS SO ORDERED.**

SIGNED this 18th day of August, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE